**[J-119A&B-2016][M.O. – Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: L.B.M., A MINOR | : | No. 84 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: J.P., MOTHER | : | Court at 1834 MDA 2015 dated May 31, |
| | : | 2016 Affirming the Order of the Court of |
| | : | Common Pleas of Franklin County, |
| | : | Orphans' Court Division, at 42-ADOPT- |
| | : | 2014 dated September 25, 2015. |
| | : | |
| | : | ARGUED: December 6, 2016 |
| | | |
| IN RE: ADOPTION OF: A.D.M., A MINOR | : | No. 85 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: J.P., MOTHER | : | Court at 1835 MDA 2015 dated May 31, |
| | : | 2016 Affirming the Order of the Court of |
| | : | Common Pleas of Franklin County, |
| | : | Orphans' Court Division, at 41-ADOPT- |
| | : | 2014 dated September 25, 2015. |
| | : | |
| | : | ARGUED: December 6, 2016 |

## CONCURRING OPINION

**CHIEF JUSTICE SAYLOR**                    **DECIDED: March 28, 2017**

I join Parts I and II(A) and (C) of the majority opinion. However, I respectfully disagree with the majority's conclusion, in Part II(B), that a guardian *ad litem* may never serve as counsel, as I believe such a rigid rule is not required by either the language of the statute or any other considerations relating to counsel's role in legal proceedings.

Although the majority indicates that "the language of Section 2313(a) . . . clear[ly]" supports its holding in this respect, Majority Opinion, *slip op.* at 14, in my view, that provision reflects only that a court must appoint counsel in termination proceedings;

it is silent on who may or may not serve in that role. A contextual reading of the passage is similarly not dispositive. The majority aptly explains that the statutory scheme evinces the Legislature's intent to distinguish between the respective roles of counsel, whose duty is to further the child's legal interests, and a guardian *ad litem*, whose obligation is to advance the child's best interests. It does not follow, however, that the General Assembly intended to categorically proscribe a guardian *ad litem* from serving as counsel.[1]

In my view, the propriety of permitting the same individual to serve in both capacities should be determined on a case-by-case basis, subject to the familiar and well-settled conflict of interest analysis. Thus, where zealous representation is made impossible because of an attorney's duties as guardian *ad litem* – or, for that matter, any other reason – the court must refrain from making the appointment and should find a suitable candidate. Conversely, in the absence of an actual or potential conflict between a child's legal and best interests, I see no reason why a guardian *ad litem* may not also serve as counsel. There are multiple scenarios in which a child's legal and best interests may be indistinguishable, including, most notably, cases involving children who are too young to express their wishes. In such circumstances, mandating the appointment of separate counsel seems superfluous and potentially wasteful.[2]

---

[1] In this regard, I agree with Justice Mundy that the second sentence of Section 2313(a), concerning discretionary appointment of a guardian *ad litem*, should not be read so as to limit the first sentence, relating to mandatory appointment of counsel. *See* Dissenting Opinion, *slip op.* at 2-3. However, because I find resonance in the majority's view that the use of the word "counsel" necessarily implies an attorney who is bound to represent a client's legal interests, I do not find the Legislature's failure to explicitly distinguish between a child's legal interests and best interests to be relevant, let alone dispositive. *See* Majority Opinion, *slip op.* at 13 n.12.

[2] Furthermore, inasmuch as I agree with the majority that the right to counsel in this setting must be as scrupulously protected as the right to counsel in criminal cases, for (continued…)

Here, as the majority explains, in permitting the termination to proceed with the guardian *ad litem* as the only attorney representing the children, the trial court understood the appointment of counsel to be optional, rather than mandatory. Accordingly, as it did not recognize the discrete functions of counsel and guardians *ad litem*, it could not have conducted the requisite conflict of interest analysis. As such, I agree with the majority's characterization of the trial court's order as a failure to appoint counsel.

In sum, while I agree that the court must appoint counsel who will advocate for the child's legal interests, I find the majority's *per se* prohibition on permitting a guardian *ad litem* to serve as counsel to be overly restrictive.

Justice Todd joins this concurring opinion.

---

(…continued)
purposes of assessing the resulting error, I would not distinguish between a court's failure to appoint counsel and the appointment of conflicted counsel. *See, e.g.*, *Commonwealth v. Hawkins*, 567 Pa. 310, 320, 787 A.2d 292, 297-98 (2001); *accord Commonwealth v. King*, 618 Pa. 405, 425, 57 A.3d 607, 619 (2012) (observing that, in assessing whether the conflict of interest resulted in a deprivation of the right to counsel under the Sixth Amendment, "the [United States Supreme] Court's concern centers primarily on the potential for an attorney to alter his trial strategy due to extrinsic considerations stemming from other loyalties, thereby distorting counsel's strategic or tactical decisions in a manner that would not occur if counsel's sole loyalty were to the defendant" (citing *Wood v. Georgia*, 450 U.S. 261, 272, 101 S. Ct. 1097, 1103–04 (1981))).